**Tammy THOMAS, Plaintiff—Appellant,**

v.

**Don H. CATLIN; et al., Defendants— Appellees.**

No. 04–55778.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 15, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

### MEMORANDUM **

Tammy Thomas appeals pro se the district court's judgment for defendants in her action alleging public disclosure of private facts, invasion of privacy, and the violation of various state and federal health and research regulations in connection with her drug testing by the United States Olympic Committee. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo both a district court's dismissal for failure to state a claim and summary judgment. *Barnett v. Centoni,* 31 F.3d 813, 815–16 (9th Cir.1994) (per curiam). We affirm.

■ The district court properly entered judgment for defendants with respect to Thomas' state tort claim for public disclosure of private facts because she failed to allege facts sufficient to show that defendant Catlin's scientific article discussing the detection of steroids identified her in any way as the source of the positive urine samples. *See Shulman v. Group W Prod., Inc.,* 18 Cal.4th 200, 74 Cal.Rptr.2d 843, 955 P.2d 469, 478 (1998). Nor did Thomas allege facts sufficient to show that the article would be offensive or objectionable to a reasonable person, or that it is not a topic of legitimate public concern. *See id.*

■ The district court properly held Thomas failed to state a claim under 45 C.F.R. §§ 46.101, et seq., the federal statute regulating research involving human subjects, because the statute does not confer a private right of action. *See Alexander v. Sandoval,* 532 U.S. 275, 286, 121

S.Ct. 1511, 149 L.Ed.2d 517 (2001) ("private rights of action to enforce federal law must be created by Congress.").

The district court did not abuse its discretion by denying Thomas' motion for additional discovery under Fed.R.Civ.P. 56(f) because she did not show that the information she expected to gain from the suggested deponents would preclude summary judgment. *See Maljack Prods. v. GoodTimes Home Video Corp.,* 81 F.3d 881, 888 (9th Cir.1996).

We will not entertain Thomas' negligence *per se* argument raised for the first time on appeal. *See Peterson v. Highland Music, Inc.,* 140 F.3d 1313, 1321 (9th Cir. 1998).

Thomas' remaining contentions lack merit.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.